ELIJAH McCRARY, Respondent, *v.* JAMES H. ASHBAUGH, ADM'R OF JOHN McCORMICK, Appellant.

1. *Administrator—Certificate of deposit, liability on—Principal and agent.—* When goods were to be paid for by depositing the amount in a certain bank to order of the vendee, but, by mistake, it was deposited in the name of his agent, such deposit was a discharge of the vendee; and the administrator of the agent's estate was liable for the sum to the principal, even though, under a misapprehension of the rights of claimants, he may have paid it to another party. He should have inventoried the certificate of deposit, and left the court to determine to whom the money belonged.

*Appeal from Fifth District Court.*

*Bassett & Van Waters*, for appellant.

A person can not be made a bailee or depository against his will and consent. (2 Pars. on Cont. 96.)

*Pike, Tutt & Kirk*, for respondent.

The deposit having been made in the name of the agent, and the certificate of deposit sent to him, were equivalent to payment of the money to him, for his principal, and he was *responsible to* his principal for the money so deposited; and if he was liable, his estate must be.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff presented a demand to the Probate Court of Buchanan county for allowance against the estate of McCormick, deceased, for money paid by one Murphy to said McCormick for plaintiff. This demand was rejected by the Probate Court, and on an appeal to the Circuit Court that judgment was reversed. The District Court affirmed the judgment of the Circuit Court, and the case is brought here.

The record discloses substantially that during the year 1865 McCormick was plaintiff's chief clerk in a store at Nebraska City, and, whilst acting as such clerk, sold a bill of goods belonging to plaintiff to one Murphy, amounting to the sum of $263 ; that Murphy was to pay for the same by depositing that sum in a bank at St. Joseph, Mo., where plaintiff lived, to plain-

McCrary v. Ashbaugh, Adm'r of McCormick.

tiff's credit; that in a short time after the sale was made, Murphy, through his agent, deposited the money in a branch of the Bank of the State of Missouri at St. Joseph, but, by mistake, the deposit was made in the name of McCormick instead of plaintiff. The certificate of deposit was sent to McCormick, who at once declared that it was wrong—that the money was plaintiff's, and not his. In about ten days thereafter McCormick died, and Ashbaugh, the defendant, administered on his estate. The money remained in the bank on deposit for some months after the death of McCormick, when Ashbaugh, the administrator, withdrew it on his check and paid it over to Murphy—for what purpose does not appear. It seems that the certificate was not inventoried among the assets of McCormick.

The question of the liability of McCormick's estate depends on whether the payment of the money in the bank, by McCormick's instructions, operated as a discharge of Murphy on his purchase. The contract was that the goods were to be paid for by depositing the money in bank. When the money was so deposited by Murphy, he had complied with its terms, and it is obvious that no action would have been maintainable against him. What a principal does by his agent, he does by himself; and the contract by McCormick bound the plaintiff in this case. It was immaterial that, by mistake, the certificate of deposit was taken in the name of McCormick when it should have been in the name of the plaintiff.

The plaintiff was the beneficial owner, and McCormick only held it in the attitude of a trustee, and the plaintiff could have recovered it at any time. From the time the money was received it belonged to plaintiff. The custody of the agent was the custody of the principal, and any use made of it thereafter by the agent was a conversion. The administrator is the representative of the deceased, and his acts bind the estate. He should have inventoried the certificate, and left it for the court to determine to whom the money belonged, and should not have undertaken to constitute himself the sole arbiter in the matter. It is unnecessary to go into an examination of the instruction. I see nothing objectionable in the action of the Circuit Court.

The judgment should be affirmed. The other judges concur.